UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK BEATY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01568-WTL-MPB |
| | ) | |
| MS. STAHL, | ) | |
| MR. CAPPS, | ) | |
| MRS. MOORE, | ) | |
| DR. SHANNON RODEN HENDRICKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion for Summary Judgment**

Plaintiff Derek Beaty, an Indiana prisoner incarcerated at the New Castle Correctional Facility, brings this civil rights action alleging that the defendants denied him access to mental health programming despite policies allowing 'red tag' inmates, like Mr. Beaty, to participate in such programming in restraints.

Presently pending before the Court is the defendants' motion for summary judgment which argues that the plaintiff's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Beaty has not responded to the motion and the time to do so has passed, leaving the defendants' motion unopposed. For the reasons that follow, the defendants' motion for summary judgment, Dkt. No. 42, is **granted**

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

As noted above, Mr. Beaty failed to respond to the defendants' motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Beaty has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Beaty and supported by admissible evidence, are accepted as true.

## II. Facts

At all times relevant to his claims, Mr. Beaty was incarcerated at Wabash Correctional Facility ("Wabash"). Wabash maintained a grievance policy regarding complaints about prison conditions. The grievance process requires an inmate to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to obtain a resolution of the

grievance informally, he may submit a formal written complaint to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal within ten working days from the date of receipt of the formal grievance response. If the inmate receives no grievance response within twenty working days of the day he submitted the grievance, he may appeal as though the grievance had been denied.

Thomas Wellington is the grievance specialist at Wabash Valley and is the custodian of the facility's grievance records including, but not limited to, the initial grievance documents filed by inmates as well as responses and appeals. Furthermore, Mr. Wellington also maintains a folder for each offender containing any informal grievances submitted, as well as formal grievances submitted that were rejected and returned to the offender for violations of the grievance policy. The prison grievance records contain no grievances filed by Mr. Beaty. Dkt. No. 43-2.

Mr. Beaty's complaint asserts that, while incarcerated at Wabash Valley, the defendants excluded him from mental health programming due to a conduct report. He further asserts that although he was given the 'red tag' designation, he should have been allowed to participate in mental health programming in restraints, pursuant to prison policy. Although Mr. Beaty did not respond to the motion for summary judgment, he briefly addressed his attempts to exhaust his administrative remedies in his sworn complaint. He states that he sent an informal grievance "to the facility." He also asserts that he filled out a formal grievance and never received a response from the facility head, but he does not state to whom he sent the formal grievance. Finally, he states that after he was transferred from Wabash Valley, he contacted the Central Office. Dkt. No. 1.

### III. Discussion

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). The burden is also on the defendants to establish that the administrative process was available to Mr. Beaty. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those,

grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

The undisputed facts demonstrate that Mr. Beaty did not complete the steps of the grievance process. Although he may have completed grievance forms, there is no evidence that he timely submitted them to the grievance specialist at Wabash Valley. Moreover, the grievance policy specifically provides that, if an inmate does not receive either a receipt or a rejected form from the grievance specialist within seven working days of receiving it, the inmate must notify the grievance specialist of that fact. Dkt. No. 43-3. There is no evidence that Mr. Beaty contacted the grievance specialist after he failed to receive a receipt or a rejected form. Thus, he failed to follow this section of the grievance policy as well.

The consequence of Mr. Beaty's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

### IV. Conclusion

The defendants have shown that Mr. Beaty failed to avail himself of all administrative remedies before filing this civil action. Therefore, the defendants' motion for summary judgment, Dkt. No. 42, is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/2/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK BEATY

178534
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
KATZ  KORIN CUNNINGHAM, P.C.
bmcmahan@kkclegal.com